IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINORITY TELEVISION PROJECT INC.,<br><br>           Plaintiff,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA<br><br>           Defendants. | No. C-06-02699 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

## I.     Background

Plaintiff Minority Television Project, a non-profit California corporation, is the licensee of non-commercial educational television station KMTP-TV, San Francisco, pursuant to a license granted by Defendant Federal Communications Commission ("FCC"). Compl., ¶ 5. As the operator of educational non-commercial television station KMTP-TV, Plaintiff is subject to the restrictions on the broadcasting of announcements acknowledging donors and the prohibition against promotional announcements set forth in 47 U.S.C. § 399b and 47 C.F.R. § 73.621(e). Compl., ¶ 15. The FCC charged Plaintiff with repeated violations of this prohibition. Its Notice of Apparent Liability For Forfeiture against Plaintiff ("NAL") stated, "we find that Minority Television Project, Inc. ("Minority"), licensee of non-commercial educational television station KMTP-TV, San Francisco, California, apparently violated Section 399B of the Communications Act of 1934, as amended ("the Act"), 47 U.S.C. § 399B, and Section 73.621 of the Commission's Rules, 47 C.F.R. § 73.621, by willfully and repeatedly broadcasting advertisements. Based on our review of the facts and circumstances of this case, we conclude that Minority is apparently liable for a monetary

forfeiture in the amount of Ten Thousand Dollars ($10,000).'  Compl., ¶ 16 and Ex. A.

The FCC followed with a Forfeiture Order for $10,000.00 for "willful and repeated broadcast of advertisements over the station, in violation of Section 399B of the Communications Act of 1934, as amended ("the Act"), and section 73.621(e) of the Commission's rules."  Compl., Ex. B (Forfeiture Order, 18 FCC Rcd 26661 (2003)).  In doing so, the Forfeiture Order acknowledged that "the Commission has recognized that 'it may be difficult to distinguish at times between announcements that promote and those that identify.'  Thus it defers to 'reasonable, good faith judgments' by licensees and finds violations only where material is 'clearly' promotional as opposed to identifying."  Id. at ¶ 7 [footnotes omitted].  "We believe that this test is sufficiently clear and objective particularly as applied to this case."  Id. (citing Xavier University, 5 FCC Rcd 4920 (1990)).

The FCC denied Plaintiff's Petition for Review, specifically rejecting Plaintiff's First Amendment arguments and request that the Commission revisit its underwriting announcement rules to make them clearer.  Compl., ¶ 18 and Ex. C (Order on Review, 19 FCC Rcd 25116 (2004)).  The FCC also denied Plaintiff's Petition for Reconsideration.  Compl., ¶ 19 and Ex. D.

On December 23, 2005, Plaintiff filed a Petition for Review of the FCC orders in the U.S. Court of Appeals for the Ninth Circuit.  Compl., ¶ 20.  On or about February 3, 2006, the FCC filed a motion to dismiss the petition for review and to defer briefing.  Req. for Judicial Notice in Support of Pl's Opp. to Def's Mot. to Dismiss, Ex. A ("Mot. to Dismiss Petition").  At the time that Plaintiff had filed its petition for review, as well as when the FCC filed its motion to dismiss at the Court of Appeals, Plaintiff had not paid the forfeiture.  Defendants thus argued that the Court of Appeals lacked jurisdiction to hear the petition for review: "Although the court of appeals generally has exclusive jurisdiction to determine the validity of final FCC orders, see 47 U.S.C. § 402, pursuant to Section 504(a) of the Act, 47 U.S.C. § 504(a), monetary forfeitures imposed by the Commission after an NAL are recoverable (and can be challenged) only in district court."  Mot. to Dismiss Petition at 3.

Shortly thereafter, on February 16, 2006, Petitioner paid the $10,000 forfeiture to the FCC.  Compl., ¶ 20.  In opposition to the FCC's motion to dismiss petition for review, Plaintiff argued:

2

"Since Minority has paid the penalty, it has the right to pursue this petition for review in the court of appeals pursuant to Section 402(a) of the Communications Act." Req. for Judicial Notice in Support of Pl's Opp. to Def's Mot. to Dismiss, Ex. B at 2. On April 18, 2006, the Ninth Circuit sua sponte transferred the case to this Court. Minority Television Project Inc. v. FCC, No. 05-77294, slip op. (9th Cir. Apr.18, 2006).

At the initial Case Management Conference on August 29, 2006, this Court ordered Plaintiff to file a Rule 8 pleading. Plaintiff filed its Complaint on September 19, 2006, alleging the following claims:

1. Violation of the First Amendment for imposition of greater restrictions on certain non-commercial speech than on certain commercial speech: facial and as-applied challenges to 47 U.S.C. § 399b;

2. Violation of the First Amendment for imposition of greater restrictions on certain non-commercial speech than on certain commercial speech: facial and as-applied challenges to 47 C.F.R. § 73.621(e);

3. Violation of the First Amendment for imposition of greater restrictions on certain non-commercial speech than on other non-commercial speech: facial and as-applied challenges to 47 U.S.C. § 399b;

4. Violation of the First Amendment for imposition of greater restrictions on certain non-commercial speech than on other non-commercial speech: facial and as-applied challenges to 47 C.F.R. § 73.621(e);

5. Violation of the First and Fifth Amendments for unconstitutionally vague restrictions on protected speech: facial and as-applied challenges to 47 U.S.C. § 399b;

6. Violation of the First and Fifth Amendments for unconstitutionally vague restrictions on protected speech: facial and as-applied challenges to 47 C.F.R. § 73.621(e);

7. Invalid and Unconstitutional Forfeiture Order;

8. Invalid Notice of Apparent Liability and Forfeiture Order;

9. Invalid and Unconstitutional Notice of Apparent Liability and Forfeiture Order.

Defendants moved to dismiss. This Court held a hearing on February 13, 2007 and now grants

Defendants' motion with leave to amend.

## II. Standard for Motion to Dismiss

On a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proof to show that subject matter jurisdiction exists. Thornhill Pub. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Because the Court's power to hear the case is at issue, the Court may go beyond the allegations of the complaint to consider extrinsic evidence.[1] A motion to dismiss under Rule 12(b)(6) should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material non-conclusory allegations in the complaint, and construe them in the light most favorable to the nonmoving party. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

## III. Jurisdiction of the District Court

### A. Seventh, Eighth and Ninth Causes of Action

Plaintiff's seventh, eighth and ninth causes of action directly challenge the NAL and $10,000 Forfeiture Order. Generally, the Court of Appeals has exclusive jurisdiction to review FCC regulations and orders. 47 U.S.C. § 402(a) ("Any proceeding to enjoin, set aside, annul or suspend any order of the Commission under this Act (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of title 28, United States Code."); 47 U.S.C. § 2342(1) ("The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47.") As both parties acknowledge, see

---

[1] The Court takes judicial notice of the FCC's orders and the proceedings in the Ninth Circuit submitted by the parties without objection.

Mot. at 6 and Opp. at 10, Section 504(a) carves out an exception to this general rule regarding forfeiture orders.  47 U.S.C. § 504(a); Dougan v. FCC, 21 F.3d 1488, 1491 (9th Cir. 1994) (citing Pleasant Broadcasting Co. v. FCC, 564 F.2d 496, 500 (D.C. Cir. 1977)).  Section 504(a) provides that NAL forfeitures "shall be recoverable . . . in a civil suit in the name of the United States" brought in the district court, and that "any suit for the recovery of a forfeiture pursuant to the provisions of this chapter shall be a trial de novo."  47 U.S.C. § 504(a).  In Dougan, the Ninth Circuit looked to the reasoning in Pleasant Broadcasting, which held that Section 504 establishes the district court as the exclusive forum for review of forfeiture orders in the first instance.  The Ninth Circuit held that "47 U.S.C. § 504(a) vests exclusive jurisdiction in the district courts to hear enforcement suits by the government, and suits by private individuals seeking to avoid enforcement."  Dougan, 21 F.3d at 1491 (emphasis in original).

At issue is whether the district court's jurisdiction is limited to review of **unpaid** forfeiture actions.  In Dougan, as in Pleasant Broadcasting, the forfeiture subject had not paid the penalty, but the Ninth Circuit did not expressly rely on that fact.  Defendants contend that only unpaid forfeitures are reviewable by the district courts, citing AT&T Corp. v. Federal Communications Comm'n, 323 F.3d 1081 (D.C. Cir. 2003).  There, the D.C. Circuit limited its holding in Pleasant Broadcasting, and held that Section 504(a) only vests jurisdiction in the district courts over challenges to unpaid forfeiture orders, that is, in "any suit for recovery," whereas the Court of Appeals retains jurisdiction where the forfeiture has already been paid.

Here, Plaintiff paid the Forfeiture Order after filing its petition for review with the Ninth Circuit and after the FCC filed its motion to dismiss the petition, but before the Court of Appeals ordered that the petition be transferred to this Court.  In opposition to the FCC's motion to dismiss the petition for review, Plaintiff relied on AT&T to argue before the Ninth Circuit that because Plaintiff had paid the forfeiture, the Court of Appeals had jurisdiction to review Plaintiff's challenge to the Forfeiture Order. Opp. to Mot. to Dismiss Petition at 3.  Now, however, Plaintiff points out that the D.C. Circuit's decision in AT&T has not been expressly adopted by the Ninth Circuit, and argues that the Ninth Circuit would not have transferred this matter to this Court if it had.  Opp. at 10.

5

1         The Ninth Circuit denied the FCC's motion to dismiss the petition outright in a three-
2 sentence order, instead transferring this case here.  It explained the transfer as follows: "because 47
3 U.S.C. § 504(a) vests exclusive jurisdiction in the district court to review a forfeiture order in the
4 first instance by a trial de novo, see Dougan [21 F.3d at 1490-91], we sua sponte transfer this case to
5 the United States District Court for the Northern District of California. 28 U.S.C. § 1631."  Pl's
6 Req. for Judicial Notice, Ex. D (April 18, 2006 Order).  Plaintiff argues that the Court of Appeals'
7 ruling is the law of the case and implicitly rejects the reasoning of AT&T.  Defendants disagree,
8 noting that "[f]or the law of the case doctrine to apply, 'the issue in question must have been decided
9 explicitly or by necessary implication in the previous disposition.'"  Hydrick v. Hunter, 466 F.3d
10 676, 687 (9th Cir. 2006) (internal quotation marks and citations omitted).  See United States v. Cote,
11 51 F.3d 178, 181 (9th Cir. 1995) ("Because the purpose of the doctrine is to promote judicial finality,
12 it necessarily follows that the law of the case acts as a bar only when the issue in question was
13 actually considered and decided by the first court.  Although the doctrine applies to a court's explicit
14 decisions as well as those issues decided by necessary implication, it clearly does not extend to
15 issues an appellate court did not address.") (internal quotations and citations omitted).

16         This Court concludes that the law of the case doctrine does not apply under these
17 circumstances because the Ninth Circuit did not necessarily consider and reject the reasoning of the
18 D.C. Circuit in AT&T.  Rather, the Ninth Circuit knew that its own lack of jurisdiction could not be
19 cured by Plaintiff's belated payment of the forfeiture.  See Sierra Club v. NRC, 825 F.2d 1356, 1363
20 (9th Cir. 1987) (petition filed prior to agency's final ruling was fatally premature); TeleStar, Inc. v.
21 FCC, 888 F.2d 132, 134 (D.C. Cir. 1989) (challenge filed before agency issued its decision on
22 reconsideration is incurably premature).  Thus, the appellate court had two options.  It could dismiss
23 the action altogether.  Alternatively, it could choose the more lenient alternative of allowing Plaintiff
24 to preserve at least some challenge to the FCC pursuant to its authority under 28 U.S.C. § 1631
25 (cited in its Order) to transfer the matter in the interest of justice to this Court, where suit could
26 properly have been brought at the time of the mistaken filing in the Ninth Circuit.  Its action was not
27 necessarily futile, as Plaintiff contends.  For example, it may have wished to afford this Court the
28 opportunity to examine its own jurisdiction, and may well have envisioned that Plaintiff would do

6

just what it has done: bring facial constitutional challenges here that the FCC agrees fall outside the scope of exclusive appellate jurisdiction over FCC orders and regulations.

This Court is persuaded by the reasoning of AT&T. Further, as Plaintiff has already paid the fine and has cited no authority for the relief it seeks – refund of the paid fine – this action does not fall within the limited grant of statutory jurisdiction to district courts to review suits by the government to recover a forfeiture and, under Dougan, suits by licensees to avoid payment. A trial de novo of the validity of the forfeiture order would thus be the height of futility. Put another way, the issue of this Court's jurisdiction is moot in light of Plaintiff's payment.

### B. The First through Sixth Claims

Defendants challenge this Court's jurisdiction to hear Plaintiff's constitutional challenges to FCC regulations (second, fourth and sixth claims) and its constitutional challenges to Section 399b of the statute as applied through FCC rules and forfeiture orders (portions of first, third and fifth claims), on the ground that the Court of Appeals has exclusive jurisdiction to review FCC regulations and orders pursuant to Section 402(a). Mot. at 5-6, citing, inter alia, Wilson v. A.H. Belo Corp., 87 F.3d 393, 396-97 (9th Cir. 1996) ("parties seeking to challenge the validity of FCC orders must do so through actions in the circuit courts"). Section 402(a) confers upon the Court of Appeals exclusive jurisdiction over challenges to FCC regulations. United States v. Dunifer, 219 F.3d 1004, 1006 (9th Cir. 2000). This statutory grant of jurisdiction was not extended to the district courts by Greater New Orleans Broadcasting Ass'n v. United States, 527 U.S. 173 (1999), as Plaintiff suggests. See Opp. at 7-9, 11. See Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006) ("A court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.") Thus, the motion to dismiss is granted with prejudice as to the second, fourth and sixth causes of action, and as to the as-applied challenges to the statute in the first, third and fifth causes of action.

### IV. Sufficiency of First, Third and Fifth Causes of Action

Defendants do not challenge this Court's jurisdiction over the facial challenges to the validity of Section 399b contained in the first, third and fifth claims, but seek their dismissal for failure to state a claim. In the first claim, Plaintiff alleges that the statute "imposes greater

7

restrictions on certain non-commercial speech than on certain commercial speech," and thus "constitutes a content-based restriction on protected non-commercial speech in violation of the First Amendment." Compl. ¶ 24. The third claim alleges that the statute "imposes greater restrictions on certain non-commercial speech than on other non-commercial speech," and thus "constitutes content-based restrictions on protected non-commercial speech in violation of the First Amendment." Compl. ¶ 30. Finally, the fifth claim alleges that section 399b, on its face, "fails to give persons of ordinary intelligence adequate notice of what speech is proscribed," and thus "is unconstitutionally vague in violation of the First and Fifth Amendments." Compl. ¶¶ 35, 36.

The challenged statute states in relevant part:

> (a) "Advertisement" defined
>
> For purposes of this section, the term "advertisement" means any message or other programming material which is broadcast or otherwise transmitted in exchange for any remuneration, and which is intended–
>
> > (1) to promote any service, facility, or product offered by any person who is engaged in such offering for profit;
> > (2) to express the views of any person with respect to any matter of public importance or interest; or
> > (3) to support or oppose any candidate for political office.
>
> (b) Offering of services, facilities, or products permitted; advertisements prohibited
>
> > (1) Except as provided in paragraph (2), each public broadcast station shall be authorized to engage in the offering of services, facilities, or products in exchange for remuneration.
> > (2) No public broadcast station may make its facilities available to any person for the broadcasting of any advertisement.

47 U.S.C. section 399b.

Section 399b thus regulates both commercial speech (§ 399b(a)(1)) and non-commercial speech (§ 399b(a)(2) and (3)). Defendants argue that the Complaint only challenges the restriction on commercial speech contained in subsection 399b(a)(1), so that the more lenient test of Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557 (1980) applies rather than the stricter test for regulation of political speech. Plaintiff counters that it challenges the entire statute, which imposes content-based restrictions on non-commercial as well as commercial speech, so the strict scrutiny test applies.

The Court first considers whether Plaintiff has established its standing to challenge the non-

commercial speech provisions of Section 399b. "To satisfy the standing requirement of Art. III of the Constitution, [Plaintiff] must establish that it suffered (1) an 'injury in fact' to a legally protected interest that is (2) 'fairly traceable to the challenged action of the defendant' and is (3) likely to be redressed by a favorable decision from the court." Lidas, Inc. v. United States, 238 F.3d 1076, 1079-80 (9th Cir. 2001), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, Plaintiff has not satisfied the first prong, because it has not alleged any facts to show it has suffered injury from the restrictions on non-commercial speech. Rather, the NAL and Forfeiture Order pertain to the FCC's enforcement of restrictions on Plaintiff's broadcast of commercial speech. Nor has it established the second or third prong. For example, Plaintiff has not alleged that it has broadcast or would broadcast endorsements of candidates for political office, but for the prohibition against doing so, nor has it alleged that the FCC has threatened any action against it on this basis. Plaintiff therefore lacks standing to raise the challenges to 399b(a)(2) and (3).

As the Complaint now stands, Plaintiff's only challenge is to the regulation of commercial speech governed by the Central Hudson test. Standing alone, this challenge likely fails. Indeed, Plaintiff did not argue to the contrary. However, at oral argument, Plaintiff sought leave to amend its Complaint to allege standing to challenge the statutory provisions governing non-commercial speech. In view of its intent to amend, the Court need not reach this issue now.

**V.     Conclusion**

Defendants' motion to dismiss is GRANTED with prejudice as to the second, fourth, sixth, seventh, eighth and ninth claims and the as-applied constitutional challenges to Section 399b in the first, third and fifth claims. The motion to dismiss is GRANTED with leave to amend the facial constitutional challenges to Section 399b. Plaintiff shall amend the Complaint by February 28, 2007.

**IT IS SO ORDERED.**

Dated: March 13, 2007

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

9