**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MINORITY TELEVISION PROJECT, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION; et al., <br><br> Defendants - Appellees., <br><br> and <br><br> LINCOLN BROADCASTING COMPANY, <br><br> Intervenor. | No. 09-17311 <br><br> D.C. No. 3:06-cv-02699-EDL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Petitioner Minority Television Project ("Minority") appeals the district court's dismissal of its as-applied First Amendment challenges to 47 U.S.C. § 399b, as well as its First Amendment challenges to 47 C.F.R. § 73.621(e), the Federal Communications Commission ("FCC") order which implements § 399b. Minority further appeals the district court's grant of summary judgment to the government, which held § 399b's ban on paid messages by for-profit entities which "promote" services, facilities, or products is not unconstitutionally vague.[1] We affirm.[2]

The district court correctly dismissed Minority's as-applied challenges to § 399b, as well as its challenge to 47 C.F.R. § 73.621(e). Section 399b was applied to Minority only through FCC orders and regulations, including 47 C.F.R. § 73.621(e). Jurisdiction over challenges to FCC orders lies exclusively in the court of appeals; as such, federal district courts lack jurisdiction over challenges to FCC orders. 28 U.S.C. § 2342(1) ("The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part) or determine the

---

[1] We address Minority's contention that § 399b imposes an unconstitutional content-based restriction on speech in an opinion filed concurrently with this memorandum.

[2] Because the parties are familiar with the facts of this case, we repeat them here only to the extent necessary to explain our decision.

2

validity of . . . all final orders of the Federal Communications Commission."). *See also United States v. Dunifer*, 219 F.3d 1004, 1007 (9th Cir. 2000) (district courts lack jurisdiction over any challenge to FCC regulations).

Although the Supreme Court has previously reviewed a First Amendment challenge to an FCC regulation which was initially filed in federal district court, *see Greater New Orleans Broadcasting Association v. United States*, 527 U.S. 173 (1999), the Court in that case did not address—and was not asked to address—whether jurisdiction in the district court was proper. Courts "are not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silento*." *United States v. L.A. Trucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

Section 399b's prohibition of paid messages intended to "promote" any service, facility, or product of a for-profit entity is not unconstitutionally vague. A statute need not have "mathematical certainty" to survive a vagueness challenge; instead, it may be marked by "flexibility and reasonable breadth, rather than meticulous specificity." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972). The meaning of the term "promote" is clear in the vast majority of circumstances. Where it is not, the FCC—to remove uncertainty—provides declaratory rulings to broadcasters who fear they might run afoul of § 399b. 47 C.F.R. § 1.2. A statute

3

may overcome a First Amendment vagueness challenge if a government body provides administrative regulations that "sufficiently narrow potentially vague or arbitrary interpretations of the ordinance." *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 504 (1982).

**AFFIRMED.**